**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00462-WJM-NYW

SANTIAGO ABREU, an individual,

    Plaintiff,

v.

CANVAS AND COCKTAILS, INC.,
dba Canvas and Cocktails,

    Defendant.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

---

Magistrate Judge Nina Y. Wang

On April 19, 2016, this court issued an Order to Show Cause on or before April 22, 2016, that service in compliance with Federal Rule of Civil Procedure 4 has been made. [#11]. While Plaintiff did not file a Response to the Order to Show Cause, he did timely file proof that a process server effected personal service on Defendant's registered agent on March 8, 2016. *See* [#13]. For the reasons stated below, the Order to Show Cause is **DISCHARGED**.

    Federal Rule of Civil Procedure 4(h) directs:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic…corporation…must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

    Federal Rule of Civil Procedure 4(e)(1) directs:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Colorado law provides for service "[u]pon any form of corporation…by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or that agent's secretary or assistant…" Colo. R. Civ. P. 4(e)(4). *See also Isis Litig., L.L.C. v. Svensk Filmindustri,* 170 P.3d 742, 748 (Colo. App. 2007) (Rule 4(e)(4) "expressly permits personal service upon a registered agent for service of process.") (citations omitted). Indeed, Rule 4(e)(1) permits service upon a registered agent, as a natural person, "at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." *Burris v. U.S. Bank Nat. Ass'n*, No. 10-CV-00670-REB-MEH, 2010 WL 5824279, at *3 (D. Colo. Sept. 29, 2010), *report and recommendation adopted*, No. 10-CV-00670-REB-MEH, 2011 WL 650332 (D. Colo. Feb. 11, 2011). The Proof of Service filed by Plaintiff demonstrates that a process server personally served the "Statutory Agent" for Defendant at "the Defendant's usual place of abode." [#13].

Accordingly, **IT IS ORDERED** that the Order to Show Cause dated April 19, 2016 is **DISCHARGED**.

DATED: April 27, 2016                         BY THE COURT:

                                                                    s/Nina Y. Wang_____
                                                                    United States Magistrate Judge